IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Thelton George Parker, Jr., and Steven Doyle, *Individually and on Behalf of All Others Similarly Situated*, <br>                                      Plaintiffs, <br>     v. <br> Verizon Communications Inc. and Cellco Partnership d/b/a Verizon Wireless, <br>                                      Defendants. | 1:24-cv-08436 <br> Hon. Jorge L. Alonso |

**MOTION TO DISMISS**

Defendants, Verizon Communications Inc. and Cellco Partnership d/b/a/ Verizon Wireless (collectively, "Verizon"), respectively move pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) to dismiss Thelton George Parker, Jr. and Steven Doyle's ("Plaintiffs") Complaint.

As articulated in Verizon's Motion to Compel Arbitration, all merits arguments including as to the validity and enforceability of the arbitration agreement are reserved for the arbitrator. Therefore, the Court need not—and should not—reach the merits of this Motion to Dismiss. Nevertheless, Verizon is filing this motion and associated memorandum of law to preserve substantive arguments without waiver of its right to arbitration which is expressly preserved.

Should this Court ever reach the merits of this motion—which it should not—the Motion must still be denied because Plaintiffs have failed to state a plausible claim for relief. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plaintiffs allege that Verizon violated BIPA by collecting customer voiceprints through the Voice ID service without providing proper disclosures or obtaining informed written consent. But they do so by misleadingly failing to acknowledge portions of Verizon's Voice ID FAQs that demonstrate Verizon's full compliance with BIPA, despite that Plaintiffs repeatedly reference and quote from the FAQs in their

Complaint. The FAQs when viewed in their entirety, as the Court must do since they are referred to and central to the Complaint, show Verizon has fully complied with the Illinois Biometric Privacy Act ("BIPA") §§15(b) by providing the requisite 15(b) disclosures and obtaining the necessary written consent from the Plaintiffs. Plaintiffs' 15(e) claim is nothing more than conclusory allegations that mirror the statutory language. Those allegations are mere speculation that fall short of the minimum requirements of Fed. R. Civ. P. 12(b)(6) and *Iqbal*, and must be dismissed. Notwithstanding, Plaintiffs class action is barred by the class action waiver in the parties Customer Agreement. And finally, this Court lacks personal jurisdiction over Verizon Communications Inc.

      Verizon files with this Court an accompanying Memorandum of Law further demonstrating why dismissal is necessary in this matter.

      WHEREFORE, Verizon respectfully requests that the Court dismiss the Plaintiffs' Complaint.

November 8, 2024	Respectfully submitted,

BARON HARRIS HEALEY

By: */s/ Steven L. Baron*
Steven L. Baron (ARDC #6200868)
150 South Wacker Drive, Suite 2400
Chicago, Illinois 60606
Telephone: (312) 741-1027
E-Mail: sbaron@bhhlawfirm.com

HUNTON ANDREWS KURTH LLP
By: */s/ Ann Marie Mortimer*
Ann Marie Mortimer (Pro hac vice pending)
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
E-Mail: amortimer@HuntonAK.com

By: */s Tara L. Elgie*
Tara L. Elgie (IL General Bar No. 48259)
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Telephone: (214) 979-8212
E-Mail: TElgie@HuntonAK.com

*Attorneys for Cellco Partnership d/b/a Verizon Wireless and Verizon Communications Inc.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing has been served on November 8, 2024 via the Court's CM/ECF system on all counsel of record who have consented to electronic service.

By: */s/ Steven L. Baron*

Steven L. Baron
Baron Harris Healey (ARDC #6200868)
150 South Wacker Drive, Suite 2400
Chicago, Illinois 60606
Telephone: (312) 741-1027
sbaron@bhhlawfirm.com

056428.0000081 DMS 308854455v17