UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Thelton George Parker, Jr., and Steven Doyle, *Individually and on Behalf of All Others Similarly Situated*,<br><br>　　　　　　　　　　Plaintiffs,<br>　　v.<br>Verizon Communications Inc. and Cellco Partnership d/b/a Verizon Wireless,<br><br>　　　　　　　　　　Defendants. | 1:24-cv-08436 |

### DECLARATION OF JOSEPH NINETE

I, Joseph Ninete, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.　I am over 18 years of age and am competent to testify to the statements set forth in this declaration. The statements set forth in this declaration are true and correct to the best of my knowledge, information, and belief based on either my personal knowledge or my review of Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") business records.

2.　I am currently employed by Verizon Wireless as a Senior Analyst for Legal Support.

3.　As a Senior Analyst for Legal Support, I have knowledge of, and access to, Verizon Wireless consumer account information and records, including Verizon Wireless' customer agreements, device purchase agreements, account remarks, receipts, bills, and customer information overviews. I am familiar with Verizon Wireless' customer contracting policies and customer databases that track customer agreements and subscriptions to services.

4.　Customers who purchase wireless service from Verizon Wireless consent to the My Verizon Wireless Customer Agreement (the "Customer Agreement"). The Customer Agreement

1

details the standard terms and conditions pursuant to which Verizon Wireless provides products and services to its customers.

5. I have reviewed the Complaint filed in this matter, and have confirmed that Plaintiff Thelton George Parker, Jr. is a current Verizon Wireless customer, and that he has been a Verizon Wireless customer since on or about February 21, 2022.

6. I researched Mr. Parker's account history and determined that on February 21, 2022, Mr. Parker purchased Verizon Wireless plans for two separate accounts: Account XXXXXX1821-XXXXX and Account XXXXXX1055-XXXXX[1]. Mr. Parker discontinued service for Account XXXXXX1821-XXXXX beginning in or around September 2022, but he continued to purchase Verizon Wireless service for Account XXXXXX1055-XXXXX from February 21, 2022 through the date of this Declaration, including as of the date of the filing of the Complaint in this action (*i.e.*, September 13, 2024).

7. At the time of his original purchase, Mr. Parker signed a Service Customer Receipt ("SCR") for both accounts. A true and correct copy of the February 21, 2022 signed SCR for Account XXXXXX1821-XXXXX, with certain personal information redacted to protect Mr. Parker's privacy interest per Paragraph 46 below, is attached hereto as **Exhibit 1A**; a true and correct copy of the February 21, 2022 signed SCR for Account XXXXXX1055-XXXXX, with certain personal information redacted to protect Mr. Parker's privacy interest per Paragraph 46 below, is attached hereto as **Exhibit 1B**.

8. Both of Mr. Parker's February 21, 2022 SCRs contain a "T&C Agreement" provision which states:

---

[1] Verizon Wireless has redacted the wireless account numbers at issue in this proceeding to protect the Plaintiffs' personal account information, but will make unredacted numbers available upon entry of an appropriate protective order to the extent necessary.

2

> **T&C Agreement**
> **I agree to the current Verizon Wireless Customer Agreement (CA)** including the Calling Plan (with Extended Limited Warranty/Service Contract, if applicable) **and other terms and conditions for services and selected features I have agreed to purchase as reflected on this order, and which I have had the opportunity to review.** I understand that I am agreeing to an early termination fee of up to $175, or up to $350 on advanced devices, limitations of liability for service and equipment, **settlement of disputes by arbitration and other means instead of jury trials and other important terms in the CA.** Your Service terms and conditions are part of this Agreement. Your Plan includes your monthly allowances and features, where you can use them (your Coverage Area), and their monthly and pay-per-use charges. You can also subscribe to several Optional Services, like international service plans or equipment protection services. Together, your Plan, features you use, and any Optional Services you select are your Service. Your billing and shipping addresses, and your primary place of use, must be within the areas served by the network Verizon owns and operates. **By using the Service you are agreeing to every provision of this Agreement whether or not you have read it.** This agreement also applies to anyone who uses your Service. **The current version of this Agreement and the terms and conditions for your Service are available online at** https://www.verizonwireless.com/legal/notices/customer-agreement/

Ex. 1A, at p. 2 (emphasis added); Ex. 1B, at p. 3 (emphasis added).

9. Both of Mr. Parker's February 21, 2022 SCRs reference and incorporate the Customer Agreement immediately above the signature line. By signing, Mr. Parker acknowledged that he read and agreed to the Customer Agreement, specifically including "settlement and dispute by arbitration instead of jury trial":



(Ex. 1A, at p. 3)  (Ex. 1B, at p. 4)

10. At the time he signed the February 21, 2022 SCRs and at any time thereafter, Mr. Parker had access to the Customer Agreement, and any subsequent versions of the Customer Agreement, by visiting www.verizonwireless.com. Attached hereto as **Exhibit 2** is a true and correct copy of the October 2021 Customer Agreement, which is the agreement in effect when Mr. Parker signed the two February 21, 2022 SCRs.

11. The first page of the October 2021 Customer Agreement states, in bold text:

> **Thanks for choosing Verizon. In this Customer Agreement ('Agreement'), you'll find important information about your wireless Service, including:**
>
> - **Our ability to make changes to your Service or this Agreement's terms.**
>
> - **Our liability if things don't work as planned and how any disputes between us must be resolved in arbitration or in small claims court.**

Ex. 2, at p.1 (bold emphasis in original).

4

12. The first page of the October 2021 Customer Agreement states: "By using the Service, you are agreeing to every provision of this Agreement whether or not you have read it." *Id.*

13. The October 2021 Customer Agreement also states: "We may change prices or any other term of your Service or this Agreement at any time... If you use your Service after the change takes effect that means you're accepting the change.... Notwithstanding this provision, if we make any changes to the dispute resolution provision of this Agreement, such changes will not affect the resolution of any disputes that arose before such change." *Id.*, at p. 2.

14. The October 2021 Customer Agreement sets forth detailed provisions—prominently displayed in bold type and/or capital letters, and set in a gray box—as to how the parties are required to resolve their disputes through arbitration. *Id.*, at pp. 6-8. The arbitration provision contains a class action waiver. *Id.*, at p. 6.

15. From February 21, 2022 to September 15, 2024, Mr. Parker executed at least 11 separate SCRs for his two Verizon Wireless accounts—all of which referenced and incorporated the then-current Customer Agreement in like manner to that described in Paragraphs 8 and 9, above. True and correct copies of Mr. Parker's SCRs, with certain personal information redacted to protect Mr. Parker's privacy interest per Paragraph 46 below, are attached hereto as follows:

| Exhibit | Account | SCR Date | Applicable Customer Agreement[2] |
|---|---|---|---|
| 1A | XXXXXX1821-XXXXX | February 21, 2022 | October 20, 2021 |
| 1B | XXXXXX1055-XXXXX | February 21, 2022 | October 20, 2021 |
| 1C | XXXXXX1055-XXXXX | May 16, 2022 | March 16, 2022 |
| 1D | XXXXXX1055-XXXXX | June 16, 2022 | March 16, 2022 |
| 1E | XXXXXX1055-XXXXX | July 21, 2023 | July 19, 2023 |
| 1F | XXXXXX1055-XXXXX | July 24, 2023 | July 19, 2023 |

---

[2] For purposes of this table, the "Applicable Customer Agreement" refers to the most recent version of the Customer Agreement in effect as of the date that Mr. Parker executed the referenced SCR.

| Exhibit | Account | SCR Date | Applicable Customer Agreement[2] |
|---|---|---|---|
| 1G | XXXXXX1055-XXXXX | January 9, 2024 | July 19, 2023 |
| 1H | XXXXXX1055-XXXXX | February 28, 2024 | February 14, 2024 |
| 1I | XXXXXX1055-XXXXX | March 18, 2024 | February 14, 2024 |
| 1J | XXXXXX1055-XXXXX | May 3, 2024 | February 14, 2024 |
| 1K | XXXXXX1055-XXXXX | September 13, 2024 | August 22, 2024 |

16. On September 13, 2024—the same day Plaintiffs filed the Complaint in this action—Mr. Parker signed an SCR, pursuant to which he expressly agreed "to the Verizon Customer Agreement including settlement of dispute by arbitration instead of a jury trial":

**Agreements**
(View full agreement at vzw.com/myverizon)

**Customer agreement**

**I have read and agree** to the Verizon Customer Agreement including settlement of dispute by arbitration instead of jury trial, as well as the terms of the plan, optional services I have agreed to purchase and the Verizon Privacy Policy. California customers view our California Privacy Notice.

**Device payment agreement**

**Notice to Buyer:** This is a Retail Installment Sale Agreement(s)/Security Agreement(s), not a lease. Do not accept if it contains spaces. You have a right to a copy of this Agreement(s), keep it to protect your rights. You may pay off the full amount anytime. Please review the entire Agreement(s), including the additional Notice to Buyer provisions before accepting. I authorize Verizon to obtain my credit report information in connection with this order. I understand that this check will appear on my credit report as a soft inquiry and will not impact my credit.

**Signature**



THELTON PARKER

Ex. 1W, at p. 3.

17. Customers who purchase wireless service from Verizon Wireless receive monthly statements when they are billed for the purchased service(s). If the Customer Agreement has been substantively changed since the last statement to a customer was issued, the next statement will contain a section titled "Important Information Regarding Your Customer Agreement" summarizing the substantive changes.

18. Mr. Parker continued to use the Verizon Wireless service and received monthly bills for Account XXXXXX1055-XXXXX from February 2022 through August 2024. He was specifically notified about modifications and clarifications made to the arbitration provision of the Customer Agreement in his monthly statements for August 2022, November 2022, February 2023, and June 2023. True and correct copies of Mr. Parker's monthly statements for August 2022, November 2022 (billing period October 22 to November 21), November 2022 (billing period October 26 to November 25), February 2023, and June 2023, with certain personal information redacted to protect Mr. Parker's privacy interest per Paragraph 46 below, are attached hereto as **Exhibits 3A, 3B, 3C, 3D** and **3E**, respectively.

19. I have reviewed the Complaint filed in this matter, and have confirmed that Plaintiff Steven Doyle is a current Verizon Wireless customer, and that he has been a Verizon Wireless customer since on or about December 14, 2019.

20. I researched Mr. Doyle's account history and determined that on December 14, 2019, Mr. Doyle purchased a Verizon Wireless plan for his Account XXXXXX1640-XXXXX. Mr. Doyle continued to purchase Verizon Wireless service for Account XXXXXX1640-XXXXX from December 14, 2019 through the date of this Declaration, including as of the date of the filing of the Complaint in this action (*i.e.*, September 13, 2024).

21. At the time of his original purchase, Mr. Parker signed a SCR. A true and correct copy of the December 14, 2019 signed SCR for XXXXXX1640-XXXXX, with certain personal information redacted to protect Mr. Doyle's privacy interest per Paragraph 46 below, is attached hereto as **Exhibit 4**.

22. Mr. Doyle's December 14, 2019 SCR includes a separate page on which the only text, in bold font, is Mr. Doyle's agreement to the then-current Customer Agreement, including the "settlement of disputes by arbitration instead of a jury trial":

> **I agree to the VZW Customer Agreement (CA), including settlement of disputes by arbitration instead of jury trial, as well as the terms of the plan and optional services I have chosen. I am aware that I can view the CA anytime at verizonwireless.com.**

Ex. 4, at p. 3.

23. Mr. Doyle's December 14, 2019 SCR also references and incorporates the then-current Customer Agreement on the signature page. By signing Mr. Doyle acknowledged that he read and agreed to the Customer Agreement, specifically including the "settlement of disputes by arbitration instead of a jury trial":

**Customer Agreement**

I agree to the Verizon Customer Agreement (CA), including the Verizon Privacy Policy, and settlement of disputes by arbitration instead of jury trial, as well as the terms of the plan and optional services I have chosen.

**Device Payment Agreement**

I agree to all of the terms and conditions of the Installment Loan Agreement(s)/Security Agreement(s) (ILA(s)), including my obligation to make the monthly payments described on page 1 of my ILA(s), my right to cancel within fourteen (14) days, and my grant of a security interest to Verizon Wireless in the device(s).

I am aware that I can view the CA and the ILA(s) anytime at verizonwireless.com.

By signing below, I agree to the ILA(s) and the CA

_[signature]_    12/14/2019
Signature         (Date)

24. At the time of his original purchase and at any time thereafter, Mr. Doyle was able to access the Customer Agreement, as well as any subsequent versions of the Customer Agreement, by visiting www.verizonwireless.com. Attached hereto as **Exhibit 5** is a true and correct copy of the November 2019 Customer Agreement, which is the agreement in effect when Mr. Doyle signed the December 14, 2019 SCR.

25. The first page of the November 2019 Customer Agreement states, in bold text:

> **Thanks for choosing Verizon. In this Customer Agreement ('Agreement'), you'll find important information about your wireless Service, including:**
>
> - **our ability to make changes to your Service or this Agreement's terms,**
> - **our liability if things don't work as planned and how any disputes between us must be resolved in arbitration or in small claims court.**

Ex. 5, at p.1.

26. The first page of the November 2019 Customer Agreement states: "By using the Service, you are agreeing to every provision of this Agreement whether or not you have read it." *Id.*

27. The November 2019 Customer Agreement also states: "We may change prices or any other term of your Service or this Agreement at any time… If you use your Service after the change takes effect that means you're accepting the change…. Notwithstanding this provision, if we make any changes to the dispute resolution provision of this Agreement, such changes will not affect the resolution of any disputes that arose before such change." *Id.*, at p. 3.

28. The Customer Agreement sets forth detailed provisions—prominently displayed in bold type and/or capital letters, and set off by a bold border—as to how the parties are required to resolve their disputes through arbitration. *Id.*, at pp. 6-8.

9

29. On June 4, 2022, Mr. Doyle executed a second SCR, pursuant to which he agreed to abide by the terms of the then-current Customer Agreement, and specifically agreed to resolve all disputes through arbitration. A true and correct copy of the June 4, 2022 signed SCR for XXXXXX1640-XXXXX, with certain personal information redacted to protect Mr. Doyle's privacy interest per Paragraph 46 below, is attached hereto as **Exhibit 6**. The applicable Customer Agreement in effect at the time Mr. Doyle executed the June 4, 2022 SCR was the March 16, 2022 Customer Agreement.

30. Mr. Doyle continued to use the Verizon Wireless service and received monthly bills for Account XXXXXX1640-XXXXX from December 2019 through September 2024. He was specifically notified about modifications and clarifications made to the arbitration provision of the Customer Agreement in his monthly statements for November 2021, September 2022, December 2022, March 2023, and July 2023. True and correct copies of Mr. Doyle's monthly statements for November 2021, September 2022, December 2022, March 2023 and July 2023, with certain personal information redacted to protect Mr. Doyle's privacy interest per Paragraph 46 below, are attached hereto as **Exhibits 7A, 7B, 7C, 7D,** and **7E**, respectively.

31. Attached hereto as **Exhibit 8** is a true and correct copy of the August 2024 Customer Agreement, which is the agreement in effect when Plaintiffs filed the Complaint in this action, and when Mr. Parker executed his September 13, 2024 SCR.

32. The first page of the August 2024 Customer Agreement states, in bold text:

**Thanks for choosing Verizon. In this Customer Agreement ('Agreement'), you'll find important information about your wireless Service, including:**

- **our ability to make changes to your Service or this Agreement's terms,**
- **our liability if things don't work as planned and how any disputes between us must be resolved in arbitration or in small claims court.**

Ex. 8, at p.1.

33. The first page of the August 2024 Customer Agreement states: "By using the Service you are agreeing to every provision of this Agreement, any applicable terms and conditions for your Service, and the terms described in the Important Plan Information whether or not you have read them." *Id.*

34. The August 2024 Customer Agreement also states: "We may change prices and/or any other term of your Service or this Agreement at any time… If you use your Service after the change takes effect that means you're accepting the change… Notwithstanding this provision, if we make any changes to the dispute resolution provision of this Agreement, such changes will not affect the resolution of any disputes that arose before such change, unless you want them to apply to a pending dispute." *Id.*, at p. 2.

35. On pages 5-8, the August 2024 Customer Agreement sets forth detailed provisions—prominently displayed in bold type and/or capital letters, and set off in a gray box—as to how the parties are required to resolve their disputes through arbitration. *Id.*, at pp. 5-8.

36. In particular, the August 2024 Customer Agreement states:

> **YOU AND VERIZON BOTH AGREE TO RESOLVE DISPUTES ONLY BY ARBITRATION OR IN SMALL CLAIMS COURT AS DISCUSSED BELOW. YOU UNDERSTAND THAT BY THIS AGREEMENT YOU ARE GIVING UP THE RIGHT TO BRING A CLAIM IN COURT OR IN FRONT OF A JURY. WHILE THE PROCEDURES IN THE ARBITRATION MAY BE DIFFERENT, AN ARBITRATOR CAN AWARD YOU THE SAME DAMAGES AND RELIEF, AND MUST HONOR THE SAME TERMS IN THIS AGREEMENT, AS A COURT WOULD, SUBJECT TO THE LIMITS ON ARBITRATOR AUTHORITY SET FORTH BELOW. IF THE LAW ALLOWS FOR AN AWARD OF ATTORNEYS' FEES, AN ARBITRATOR CAN AWARD THEM TOO. THE SAME DEFENSES ARE ALSO AVAILABLE TO BOTH PARTIES AS WOULD BE AVAILABLE IN COURT INCLUDING ANY APPLICABLE STATUTE OF LIMITATIONS. WE ALSO BOTH AGREE THAT:**

> (1) THE FEDERAL ARBITRATION ACT APPLIES TO THIS AGREEMENT, EXCEPT FOR SMALL CLAIMS COURT CASES OR AS SPECIFICALLY NOTED BELOW, ANY DISPUTE THAT IN ANY WAY RELATES TO OR ARISES OUT OF THIS AGREEMENT WILL BE RESOLVED BY ONE OR MORE NEUTRAL ARBITRATORS BEFORE THE AMERICAN ARBITRATION ASSOCIATION ("AAA") AS EXPLAINED BELOW IN PARAGRAPH 2. THIS INCLUDES, BUT IS NOT LIMITED TO, ANY DISPUTE REGARDING THE VALIDITY, ENFORCEABILITY, OR SCOPE OF ANY PORTION OF THIS AGREEMENT (INCLUDING THE AGREEMENT TO ARBITRATE), ANY EQUIPMENT, PRODUCTS AND SERVICES YOU RECEIVE FROM US, ANY ADVERTISING FOR ANY SUCH PRODUCTS OR SERVICES, OUR EFFORTS TO COLLECT AMOUNTS YOU MAY OWE USE FOR SUCH PRODUCTS OR SERVICES, OR ALLEGED PERSONAL INJURY OR INVASION OF PRIVACY RELATING TO SUCH PRODUCTS OR SERVICES AND INCLUDES ANY DISPUTES YOU HAVE WITH OUR EMPLOYEES OR AGENTS. YOU CAN ALSO BRING ANY ISSUES YOU MAY HAVE TO THE ATTENTION OF FEDERAL, STATE OR LOCAL GOVERNMENT AGENCIES, AND IF THE LAW ALLOWS, THEY CAN SEEK RELIEF AGAINST US FOR YOU. THIS AGREEMENT TO ARBITRATE CONTINUES TO APPLY EVEN AFTER YOU HAVE STOPPED RECEIVING SERVICE FROM US.

*Id.* at p. 6 (bold and capital emphasis in original).

37. Paragraph 2 of the arbitration provision in the August 2024 Customer Agreement states, in pertinent part: "IN NO WAY WILL THIS PROVISION ALLOW FOR AN ACTION TO BE BROUGHT ON A CLASS OR COLLECTIVE BASIS." *Id.* (capital emphasis in original).

38. Paragraph 3 of the arbitration provision in the August 2024 Customer Agreement states:

> **(3) THIS AGREEMENT DOESN'T ALLOW CLASS OR COLLECTIVE ARBITRATIONS EVEN IF THE AAA PROCEDURES OR RULES WOULD. NOTWITHSTANDING ANY OTHER PROVISION OF THIS AGREEMENT, THE ARBITRATOR MAY AWARD MONEY OR INJUNCTIVE RELIEF ONLY IN FAVOR OF THE INDIVIDUAL PARTY SEEKING RELIEF AND ONLY TO THE EXTENT NECESSARY TO PROVIDE RELIEF WARRANTED BY THAT PARTY'S INDIVIDUAL CLAIM. NO CLASS, REPRESENTATIVE OR PRIVATE ATTORNEY GENERAL OR GENERAL INJUNCTIVE RELIEF THEORIES OF LIABILITY OR PRAYERS FOR RELIEF MAY BE MAINTAINED IN ANY ARBITRATION HELD UNDER THIS AGREEMENT. INTERPRETATION**

> **OF THIS PARAGRAPH SHALL BE DECIDED BY A COURT AND NOT THE ARBITRATOR.**

*Id.*, at pp. 6-7 (bold and capital emphasis in original).

39. Paragraph 9 of the arbitration provision in the August 2024 Customer Agreement states:

> **IF FOR ANY REASON A CLAIM PROCEEDS IN COURT RATHER THAN THROUGH ARBITRATION, INCLUDING IF A CUSTOMER OR VERIZON OPT OUT OF ARBITRATION PURSUANT TO PARAGRAPH (6) ABOVE, YOU AND VERIZON AGREE THAT, TO THE FULLEST EXTENT ALLOWED BY APPLICABLE LAW, NO ACTION WILL BE BROUGHT ON A CLASS OR COLLECTIVE BASIS AND YOU AND VERIZON UNCONDITIONALLY WAIVE ANY RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT IN ANY WAY. IN THE EVENT OF LITIGATION, THIS PARAGRAPH MAY BE FILED TO SHOW A WRITTEN CONSENT TO A TRIAL BY THE COURT.**

*Id.*, at p. 8 (bold and capital emphasis in original).

40. At all times since Mr. Parker and Mr. Doyle have been Verizon Wireless customers, the Customer Agreement has included a class arbitration waiver in Paragraph 3 of the arbitration provision. *See* Ex. 2, at p. 6 ("**THIS AGREEMENT DOESN'T ALLOW CLASS OR COLLECTIVE ARBITRATIONS…**") (bold and capital emphasis in original); Ex. 5, at p. 7 (same); Ex. 8, at p. 6 (same); Ex. 9, at p. 7 (same); Ex. 10, at p. 6 (same). The class arbitration waiver in Paragraph 3 of the arbitration provision was included in the then-current Customer Agreements when Mr. Parker executed each of the 11 SCRs identified in Paragraph 15, above. The class arbitration waiver in Paragraph 3 of the arbitration provision was included in the then-current Customer Agreements when Mr. Doyle executed the SCRs described in Paragraphs 20-22 and 29, above.

41. Since April 2021, the Customer Agreement has included an additional prohibition against class or collective actions, generally, in Paragraph 2 of the arbitration provision. A true

and correct copy of the April 2021 Customer Agreement is attached hereto as **Exhibit 9**. *See* Ex. 9, at p. 7 ("IN NO WAY WILL THIS PROVISION ALLOW FOR AN ACTION TO BE BROUGHT ON A CLASS OR COLLECTIVE BASIS.") (capital emphasis in original); *see also* Ex. 2, at p. 6 (same); Ex. 8, at p. 6 (same); Ex. 10, at p. 6 (same). The general prohibition against class or collective actions in Paragraph 2 of the arbitration provision was included in the then-current Customer Agreement when Mr. Parker executed each of the 11 SCRs identified in Paragraph 15, above. The general prohibition against class or collective actions in Paragraph 2 of the arbitration provision was included in the then-current Customer Agreement when Mr. Doyle executed the SCR described in Paragraph 29, above.

42. Since February 22, 2023, the Customer Agreement has included a prohibition against class or collective actions for claims proceeding in court rather than through arbitration in Paragraph 9 of the arbitration provision. A true and correct copy of the February 2023 Customer Agreement is attached hereto as **Exhibit 10**. *See* Ex. 10, at p. 8 ("**IF FOR ANY REASON A CLAIM PROCEEDS IN COURT RATHER THAN THROUGH ARBITRATION, YOU AND VERIZON AGREE THAT, TO THE FULLEST EXTENT ALLOWED BY APPLICABLE LAW[,] NO ACTION WILL BE BROUGHT ON A CLASS OR COLLECTIVE BASIS...**") (bold emphasis and capital letters in original); *see also* Ex. 8, p. 8 (same). Mr. Parker received notice of changes to the arbitration provision in his February 2023 monthly billing statement, *see* Ex. 3D, and the prohibition against class or collective actions for claims proceeding in court in Paragraph 9 of arbitration provision was included in the then-current Customer Agreement when Mr. Parker executed the SCRs attached hereto as Exhibits 1E through 1K. Mr. Doyle received notice of changes to the arbitration provision in his March 2023 monthly billing statement. *See* Ex. 7D.

14

43. Verizon Communications, Inc. ("VCI") is a holding company incorporated in Delaware with a principal place of business in New York that indirectly wholly owns Cellco Partnership d/b/a Verizon Wireless. VCI provided no services or products Mr. Parker or Mr. Doyle.

44. At all times since Mr. Parker and Mr. Doyle have been Verizon Wireless customers, the Customer Agreement has provided: "This Agreement isn't for the benefit of any third party except our parent companies, affiliates, subsidiaries, agents, and predecessors and successors in interest." *See* Ex. 2. at p. 8; Ex. 5, at p. 8; Ex. 8, at p. 8; Ex. 9, at p. 9; Ex. 10, at p. 8.

45. As part of my professional responsibilities, I am also familiar with the Voice ID FAQs referenced in Plaintiffs' Complaint. *See e.g.,* Compl. at ¶¶ 33-43. Attached hereto as **Exhibit 11** is a true and correct copy of the Verizon Voice ID Frequently Asked Questions ("FAQs"), which is available online at: https://www.verizon.com/support/voice-id-faqs/

46. Certain personal information has been redacted from the attached exhibits to protect Mr. Parker's and Mr. Doyle's privacy interests.

47. I am authorized to execute this declaration on behalf of Verizon in connection with Cellco Partnership d/b/a Verizon Wireless' Motion to Compel Arbitration and Stay Proceedings Pursuant to the Federal Arbitration Act.

*******

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th of November, 2024.

[E-sign]

Joseph Ninete
———————————————
Joseph Ninete

**Signature:** *Joseph Ninete*

**Email:** joseph.ninete@verizon.com